IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

BRIAN GIBBS,

        Plaintiff,

vs.

CONTINENTAL WESTERN GROUP, LLC,

        Defendant.

CASE NO.:

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Brian Gibbs ("Plaintiff"), by its attorney Merlin Law Group, P.A., for its Complaint against Defendant, Continental Western Group, LLC ("Defendant") states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. This is an action for Breach of Contract and bad faith.

2. This Court has subject matter and personal jurisdiction over the parties to this cause of action.

3. A cause of action exists under Nebraska state law for claims regarding the conduct complained of herein.

4. Jurisdiction is proper as to Defendant pursuant to 28 U.S. Code § 1332 because diversity exists between the parties and the amount in controversy exceeds $75,000.00.

5. Venue is proper in this Jurisdiction.

### FACTS COMMON TO ALL COUNTS

6. Defendant issued insurance policy number 2468842 to Plaintiff, on May 16, 2014, with effective dates of May 16, 2014 to May 16, 2015. A copy of the policy is attached as "**Exhibit 1**". The policy provides coverage for the following properties:

1

## FACTS COMMON TO ALL COUNTS

6. Defendant issued insurance policy number 2468842 to Plaintiff, on May 16, 2014, with effective dates of May 16, 2014 to May 16, 2015. A copy of the policy is attached as "**Exhibit 1**". The policy provides coverage for the following properties:

   a. 1804 West Omaha Avenue, Norfolk, Nebraska 68701;

   b. 1806 West Omaha Avenue, Norfolk, Nebraska 68701; and

   c. 1920 Glenn Street, Norfolk, Nebraska 68701.

7. The policy is an all-risks policy.

8. The policy covers damage resulting from hail.

9. The policy covers damage resulting from wind.

10. The policy covers hail damages to roof coverings when hail damage allows the penetration of water, or results in the failure of the roof covering to perform its intended function to keep out the elements over an extended period of time.

11. The policy covers wind damages to roof coverings when wind damage allows the penetration of water, or results in the failure of the roof covering to perform its intended function to keep out the elements over an extended period of time.

12. The policy covers ensuing interior water damages through an opening created by wind and/or hail.

13. The policy covers direct physical damage caused by hail to all building components other than roof coverings.

14. The policy covers direct physical damage caused by wind to all building components other than roof coverings.

15. The policy includes replacement cost coverage.

16. On, or about, June 3, 2014, Plaintiff incurred damages to his three properties due to hailstorm (the "Losses"). The damages suffered from the hailstorm are covered under the policy.

17. On September 2, 2015, the subject locations were inspected by Defendant.

18. On October 5, 2015, Defendant sent a letter of denial regarding damages to the subject locations and denied any damage to the metal roof or wall systems.

19. Defendant's scope of damages were limited to following:

   a. 1804 West Omaha Avenue, Norfolk, Nebraska 68701-$25,008.34;

   b. 1806 West Omaha Avenue, Norfolk, Nebraska 68701-$37,684.24; and

   c. 1920 Glenn Street, Norfolk, Nebraska 68701-$83,877.47.

20. Defendant refused to acknowledge the extent and severity of the damage to the roof coverings of the properties, and instead mischaracterized all of the damage to Plaintiff's roof coverings as merely cosmetic in nature, thereby refusing to cover a majority of the loss.

21. The intended purpose of the roofing systems have been compromised.

22. Despite the Plaintiff's efforts to mitigate his damages, the roof of each of Plaintiff's properties continue to have problems.

23. The policy was in full force and effect at the time of the physical losses due to hail storm.

24. Plaintiff promptly and properly made claims to Defendant for insurance benefits under the policy for each of the aforementioned properties.

25. Plaintiff has fulfilled all other post-loss duties and obligations required of him under the policy.

26. Defendant's failure to pay owed insurance benefits to the Plaintiff after his loss occurred is a breach of the contract of insurance.

## COUNT I: BREACH OF CONTRACT RELATING TO 1804 WEST OMAHA AVENUE, NORFOLK, NE 68701

27. Plaintiff reincorporates and restates allegations set forth in paragraphs 1-26 above by this reference.

28. Pursuant to the policy, Defendant has a contractual obligation to pay the full amount of the losses, including the cost to repair, restore, and/or replace the damages, less applicable deductibles.

29. Defendant breached the policy by failing to pay Plaintiff all benefits due and owing under the policy.

30. Defendant has inspected this property and estimated that only $25,008.34 is owed in replacement cost benefits to Plaintiff for all damages incurred at the property of 1804 West Omaha Avenue, Norfolk, Nebraska 68701, which is insufficient in order to properly remediate the loss.

31. Plaintiff has retained several professionals in order to assess the damages.

32. Plaintiff retained a certified meteorologist who verified that there were tennis and ping-pong ball sized hail stones, and 60-70 mile per wind gusts at the loss location on the date of loss. *See* Weather report attached hereto as "**Exhibit 2**".

33. Plaintiff also retained a company, Roof Leak Detection Company, LLC, ("RLDC") to perform a series of test squares on the roofing system to determine the cause and extent of the damage. *See* RLDC report attached hereto as "**Exhibit 3**".

34. Plaintiff then retained a Nebraska licensed professional engineer, Greg Kaszas of GRK Consulting Engineers, Inc., who performed a site inspection on June 30, 2016.

35. GRK Consulting Engineers, Inc. concluded that the damage incurred to the roof rises to the level of functional hail damage and should not be considered superficial or cosmetic in nature. *See* GRK report attached hereto as "**Exhibit 4**".

36. Upon receipt of GRK Consulting Engineers, Inc.'s recommendations to replace the roofing system, Plaintiff then retained Max Bray of Claims Review Group who performed a site inspection on August 9, 2016.

37. After the inspection of damage, it is in the professional opinion of Claims Review Group that the Replacement Cost Value amount of the loss is $96,451.25 and that the Actual Cash Value Amount of the loss is $91,580.77. *See* Claims Review report attached hereto as "**Exhibit 5**".

38. On or about October 11, 2016, Plaintiff provided Defendant with its reports and estimates.

39. Defendant did not request to re-inspect the subject property.

40. Defendant did not request to meet with Plaintiff's retained professionals to discuss the loss.

41. Defendant failed to adequately respond to the Plaintiff's correspondence.

42. Defendant did not request a recorded statement with its insured.

43. Defendant did not request an examination under oath of its insured.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff, Brian Gibbs, and against Defendant, in the amount of $96,451.25 minus any prior payments and applicable deductibles. Additionally, Plaintiff is requesting this Court award all general and compensatory damages owed under the policy, interest, fees, costs, reasonable attorneys' fees pursuant to Neb. Rev. Stat. § 44-359, and such other relief as the Court deems appropriate under the circumstances.

## COUNT II: BREACH OF CONTRACT RELATING TO 1806 WEST OMAHA AVENUE, NORFOLK, NE 68701

44. Plaintiff reincorporates and restates allegations set forth in paragraphs 1-26 above by this reference.

45. Pursuant to the policy, Defendant has a contractual obligation to pay the full amount of the losses, including the cost to repair, restore, and/or replace the damages, less applicable deductibles.

46. Defendant breached the policy by failing to pay Plaintiff all benefits due and owing under the policy.

47. Defendant has inspected this property and estimated that only $37,684.24 is owed to Plaintiff for all damages incurred at the property of 1806 West Omaha Avenue, Norfolk, Nebraska 68701 which is insufficient in order to properly remediate the loss.

48. Plaintiff then retained several professionals to reevaluate the loss and get a second opinion.

49. Plaintiff retained a certified meteorologist who verified that there were tennis and ping-pong ball sized hail stones, and 60-70 mile per wind gusts at the loss location on the date of loss. *See* "**Exhibit 2**".

50. Plaintiff also retained a roofing specialist, Roof Leak Detection Company, LLC, ("RLDC") to perform a series of test squares on the roof to determine the cause and extent of the damage. *See* RLDC report attached hereto as "**Exhibit 6**".

51. Plaintiff also retained a Nebraska licensed professional engineer, Greg Kaszas of GRK Consulting Engineers, Inc., who performed a site inspection on June 30, 2016.

6

52. GRK Consulting Engineers, Inc. concluded that the damage incurred to the roofing system rises to the level of functional hail damage and should not be considered superficial or cosmetic in nature. *See* GRK report attached as "**Exhibit 7**".

53. Upon receipt of GRK Consulting Engineers, Inc.'s recommendations to replace the roofing system, Plaintiff retained Max Bray of Claims Review Group who performed a site inspection on August 9, 2016.

54. After the inspection of damage, it is in the professional opinion of Claims Review Group that the Replacement Cost Value amount of the loss is $169,841.03 and that the Actual Cash Value Amount of the loss is $146,071.92. *See* Claims Review report attached as "**Exhibit 8**".

55. On or about October 11, 2016, Plaintiff provided the Defendant with its estimates.

56. Defendant did not request to re-inspect the subject property.

57. Defendant did not request to meet with Plaintiff's retained professionals to discuss the loss.

58. Defendant failed to adequately respond to the Plaintiff's correspondence.

59. Defendant did not request a recorded statement with its insured.

60. Defendant did not request an examination under oath of its insured.

61. WHEREFORE, the Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff, Brian Gibbs, and against Defendant, in the amount of $169,451.25 minus any prior payment and applicable deductibles. Additionally, Plaintiff is requesting this Court award all general and compensatory damages owed under the policy, interest, fees, costs, reasonable attorneys' fees pursuant to Neb. Rev. Stat. § 44-359, and such other relief as the Court deems appropriate under the circumstances.

## COUNT III: BREACH OF CONTRACT RELATING TO 1920 GLENN STREET, NORFOLK, NE 68701

62. Plaintiff reincorporates and restates allegations set forth in paragraphs 1-26 above by this reference.

63. Pursuant to the policy, Defendant has a contractual obligation to pay the full amount of the losses, including the cost to repair, restore, and/or replace the damages, less applicable deductibles.

64. Defendant breached the policy by failing to pay Plaintiff all benefits due and owing under the policy.

65. Defendant has inspected this property and estimated that $83,877.47 is owed to Plaintiff for all damages incurred at the property of 1920 Glenn Street, Norfolk, Nebraska 68701.

66. Plaintiff retained several professionals to reevaluate the loss and provide Plaintiff with a second opinion.

67. Plaintiff retained a certified meteorologist who verified that there were tennis and ping-pong ball sized hail stones, and 60-70 mile per wind gusts at the loss location on the date of loss. *See* "**Exhibit 2**".

68. Plaintiff also retained a roofing specialist, Roof Leak Detection Company, LLC, ("RLDC") to perform a series of square tests on the roof to determine the cause and extent of the damage. *See* RLDC report attached hereto as "**Exhibit 9**".

69. Plaintiff also retained a Nebraska licensed engineer, Greg Kaszas of GRK Consulting Engineers, Inc., who performed a site inspection on June 30, 2016.

70. GRK Consulting Engineers, Inc. concluded that the damage incurred to the roof rises to the level of functional hail damage and should not be considered superficial or cosmetic in any nature. *See* GRK report attached hereto as "**Exhibit 10**".

71. Upon receipt of GRK Consulting Engineers, Inc.'s recommendations to replace the roofing system, Plaintiff retained Max Bray of Claims Review Group who performed a site inspection on August 9, 2016.

72. After the inspection of damage, it is in the professional opinion of Claims Review Group that the Replacement Cost Value amount of the loss is $882,415.86 and that the Actual Cash Value Amount of the loss is $685,344.44. *See* Claims Review report attached hereto as "**Exhibit 11**".

73. On or about October 11, 2016, Plaintiff provided the Defendant with its reports and estimates.

74. Defendant did not request to re-inspect the subject property.

75. Defendant did not request to meet with the Plaintiff's retained professionals to discuss the loss.

76. Defendant failed to adequately respond to the Plaintiff's correspondence.

77. Defendant did not request a recorded statement with its insured.

78. Defendant did not request an examination under oath of its insured.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff, Brian Gibbs, and against Defendant, in the amount of $882,415.86 minus any prior payment and applicable deductibles. Additionally, Plaintiff is requesting this Court award all general and compensatory damages owed under the policy, interest, fees, costs, reasonable attorneys' fees pursuant to Neb. Rev. Stat. § 44-359, and such other relief as the Court deems appropriate under the circumstances.

## COUNT IV: BAD FAITH

79. Plaintiff reincorporates and restates allegations set forth in paragraphs 1-78 above by this reference.

80. Defendant wrote and sold the policy purchased by the Plaintiff intending to provide benefits for covered losses such as hailstorms.

81. Plaintiff paid insurance policy premiums to bind the policy.

83. Under the insurance policy, Defendant owes Plaintiff the duty of good faith and fair dealing to fully and to fairly adjust Plaintiff's claims.

84. Defendant has the obligation to treat its insured, Plaintiff, fairly.

85. Defendant has the obligation to retain competent adjusters to adjust Plaintiff's claims.

86. Defendant has the obligation to plaice Plaintiff's financial interest at least equal to Defendant's financial interests.

87. Defendant has the obligation to retain unbiased engineers.

89. Defendant has the obligation to pay for the damages that have resulted from the losses.

90. Defendant has the obligation to consider any and all information provided to Defendant by Plaintiff and/or Plaintiff's representatives on Plaintiff's behalf during the adjustment of Plaintiff's claims.

85. Defendant breached its duties by:

> a. conducting incomplete, inadequate, and/or outcome-oriented investigations into the Losses in order to avoid paying all benefits due, including but not limited to ignoring the severity of the damages;

b. refusing to consider Plaintiffs' expert reports and estimates for the Losses;

c. misleading Plaintiff as to the terms, conditions, and coverage under the policy for the Losses;

d. retaining outcome oriented experts that routinely deny and/or undervalue claims on behalf of Defendant and/or other insurers;

e. issuing low-ball offers in attempt to maximize profit;

f. incentivizing its adjusters to underpay claims through bonus programs that are based on loss ratios; and

g. denying coverage in whole or in part, delaying payment, refusing to pay, and failing to pay for the repairs and line items set forth herein as a matter of course, rather than as a result of fully and fairly investigating the losses.

86. Defendant knew or recklessly disregarded the fact that there was no reasonable basis for engaging in the conduct alleged in Paragraph 85.

87. Defendant's denials in part or in whole of Plaintiff's claim caused Plaintiff financial distress and pecuniary loss.

88. Defendant knew or should have known that that its decision to deny a vast majority of Plaintiff's claim in part or in whole would cause Plaintiff financial distress and pecuniary loss.

89. Defendant's breach of its covenant of good faith and fair dealing amounts to bad faith breach of the insurance contract, causing Plaintiff to incur injuries, damages, and losses in amounts to be determined at trial.

WHEREFORE, Plaintiff, Brian Gibbs, respectfully requests that the Court enter judgment in favor of Plaintiff, Brian Gibbs, against Defendant, Continental Western Insurance Company, in the amount of $1,001,748.31; which may increase through discovery and further investigations and

award all general and compensatory damages owed under the policy, interest, fees, costs, reasonable attorneys' fees pursuant to Neb. Rev. Stat. § 44-359, and such other relief as the Court deems appropriate under the circumstances.

## DEMAND FOR A JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

By: *(signature)*
Larry E. Bache, Jr.
Merlin Law Group, P.A.
777 S. Harbour Island Blvd., Suite 950
Tampa, Florida 33602
Telephone: (813) 229-1000
Facsimile: (813) 229-3692
Email: lbache@merlinlawgroup.com